# In the United States Court of Federal Claims

No. 25-498

Filed: November 5, 2025

|   |   |
|---|---|
| JOHN T. WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

*John T. Williams*, *pro se*, Cornelia, GA, for plaintiff.

*Yaakov M. Roth*, *Patricia M. McCarthy*, *Tara K. Hogan*, *William Kanellis*, United States Department of Justice, Civil Division, Washington, D.C., for defendant.

**OPINION AND ORDER**

*SMITH*, **Senior Judge**

Before the Court are plaintiff's first amended complaint, ECF No. 8, and defendant's motion to dismiss, ECF No. 11. For the following reasons, the Court **GRANTS** defendant's motion to dismiss and dismisses plaintiff's complaint under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC").

**BACKGROUND**

John T. Williams, proceeding *pro se*, resides in Cornelia, Georgia. Plaintiff's First Amended Complaint, ECF No. 8 ¶ 4 [hereinafter First Am. Compl.]. On December 1, 2014, a grand jury sitting in the United States District Court for the Southern District of New York ("SDNY") indicted Mr. Williams on one count of "conspiracy to commit wire fraud (18 U.S.C. § 1349)" arising from a fraudulent and coercive debt-collection scheme. *United States v. Williams*, No. 1:14-cr-00784-RJS-2 (S.D. N.Y. July 14, 2016) (*Williams*), ECF Nos. 1, 40. The indictment identified as forfeitable proceeds the properties at 1210 Milton Terrace SE, Atlanta, Georgia and 3275 Wyntree Drive, Norcross Georgia—the same properties which purport to form the basis for Mr. Williams' claims here. *Id.*; *see also* First Am. Compl. ¶¶ 6–7.

On July 12, 2016, a jury found Mr. Williams' guilty of the charged count and, in November 2016, the court sentenced him to five years' imprisonment and three years' supervised release. *Williams*, ECF Nos. 178, 215; Mot. to Dismiss at 3. The court further ordered that Mr. Williams' right, title, and interest in the two Georgia properties be forfeited to the United States and applied

1

towards satisfaction of the judgment against him, pending any assertion of third-party claims. *Williams*, ECF No. 216.  In the years following his conviction, Mr. Williams has filed numerous civil lawsuits—none successful—in the United States District Court for the Northern District of Georgia seeking relief from the SDNY forfeiture order.  *See Williams I*, Doc. 318, Nos. 1:16-cv-985-MHC (*Williams II*), 1:17-cv-1386-MHC (*Williams III*), and 1:23-cv-03624-VMC-RDC (*Williams IV*).

## PROCEDURAL HISTORY

On March 20, 2025, Mr. Williams filed his original complaint in this Court.  On April 2, 2025, Mr. Williams filed an amended complaint alleging that the seizure and sale of the two Georgia properties by the United States government "constitute[s] an uncompensated taking of [his] property under the Fifth Amendment" of the United States Constitution because the government did not follow the proper forfeiture procedures.  First Am. Compl. ¶¶ 7, 11.  Mr. Williams also claims that the government violated his constitutional rights by forging a "warrant to justify the seizure of real property without lawful process."  Pl.'s Response to Mot. to Dismiss at 3, ECF No. 12.  The operative complaint asserts three claims for relief: a Fifth Amendment takings claim predicated on the seizure and sale of Mr. Williams' property subject to the forfeiture order (Count I); an illegal exaction claim alleging that Mr. Williams' property was seized and sold without legal authority (Count II); and a claim for consequential damages relief stemming from the alleged taking (Count III).  First Am. Compl. ¶¶ 14–20.  In total, Mr. Williams seeks over twenty-five million dollars in damages.  First Am. Compl. at 4.

On May 19, 2025, defendant filed a motion seeking dismissal of the complaint under RCFC 12(b)(1) and 12(b)(6).  *See generally* Mot. To Dismiss.  The thrust of defendant's argument is that the Court lacks subject-matter jurisdiction because (1) Mr. Williams' claims in this case accrued more than six years before he filed his original complaint and thus are time-barred under 28 U.S.C. § 2501; and (2) Mr. Williams' claims invite this Court to collaterally review the judgments of other federal district courts.  Mot. to Dismiss at 5–6.  Defendant also argues that Mr. Williams' complaint fails to state a claim upon which relief can be granted.  *Id*. at 6–9.  On June 12, 2025, Mr. Williams filed a response to defendant's motion to dismiss.  *See generally* Pl.'s Resp. to Mot. to Dismiss.

## LEGAL STANDARD

When considering a motion to dismiss for lack of subject-matter jurisdiction, the Court will accept as true all factual allegations the non-movant made and draw all reasonable inferences in the light most favorable to that party.  *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007).  However, the plaintiff bears the burden of establishing subject-matter jurisdiction by a preponderance of the evidence and "cannot rely merely on the allegations in the complaint if jurisdiction is challenged." *Power Density Sols. LLC v. United States*, 159 Fed. Cl. 208, 214 (2022).  If a motion to dismiss challenges the jurisdictional facts alleged in the complaint, the Court can look beyond the complaint's allegations to determine whether subject-matter jurisdiction exists.  *Cedars-Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1584 (Fed. Cir. 1993); *Moyer v. United States*, 190 F.3d 1314, 1318 (Fed. Cir. 1999).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  RCFC 12(h)(3).

The Tucker Act confers jurisdiction upon this Court to hear certain claims for monetary relief against the United States founded upon the Constitution, statutes, regulations, or contracts. 28 U.S.C. § 1491(a)(1). However, "[t]he Tucker Act itself does not create a substantive cause of action," meaning that "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). It is well-settled that the Court has jurisdiction over Fifth Amendment takings claims. *Gulley v. United States*, 150 Fed. Cl. 405, 416 (2020). However, the Court's jurisdiction to hear such claims has limits. Notably, the Court "cannot entertain a taking claim that requires the court to 'scrutinize the actions of' another tribunal." *Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001) (quoting *Allustiarte v. United States*, 256 F.3d 1349, 1352 (Fed. Cir. 2001)).

## DISCUSSION

**I.     The Court Must Dismiss Mr. Williams' Complaint for Lack of Subject-Matter Jurisdiction.**

In this case, Mr. Williams invites the Court to review allegedly defective forfeiture procedures employed by the SDNY in his criminal proceeding. According to Mr. Williams, the defective forfeiture procedures employed by that court were "unlawful" and resulted in the deprivation of compensable property interests, "triggering Fifth Amendment liability." Pl.'s Resp. to Mot. to Dismiss at 4; *see also* First Am. Compl. ¶ 14.

But Mr. Williams' request for relief is foreclosed by *Vereda, Ltda*. There, the plaintiff challenged the forfeiture of its property interest in an airplane on the grounds that allegedly wrongful forfeiture procedures utilized by an administrative body and in a federal district court constituted a taking of the plaintiff's property. *Vereda, Ltda.*, 271 F.3d at 1372–73. On appeal, the United States Court of Appeals for the Federal Circuit held, among other things, that this Court lacked jurisdiction to determine whether the forfeiture procedures employed at the administrative level and in the district court formed the basis for a takings claim. *Id*. at 1375. Recognizing that such a determination would require the Court to "'scrutinize the actions of' another tribunal," the Federal Circuit dismissed the plaintiff's Fifth Amendment takings claim. *Id*. at 1376–77.

But Mr. Williams asks the Court to do just that: review the forfeiture procedures utilized by the SDNY and find that those procedures constitute a constitutional taking and illegal exaction. First Am. Compl. ¶¶ 14–18. This the Court cannot do. Any decision by this Court that indulges Mr. Williams collateral attack on the decisions and judgments of the SDNY would "seriously undercut[] the orderly process of the law." *Allustiarte*, 256 F.3d at 1352 (quoting *Celotex Corp. v. Edwards*, 514 U.S. 300, 313 (1995)). If Mr. Williams seeks to challenge the procedures used by the SDNY in his criminal proceeding, he should be seeking relief in that court. The Court accordingly dismisses Mr. Williams first claim alleging a taking of his property interests. First Am. Compl. ¶¶ 14–16.

The Court must also dismiss Mr. Williams' remaining two claims. Mr. Williams' illegal exaction claim requests that the Court find that Mr. Williams' "property was seized and sold without legal authority, and the United States benefited by absorbing the proceeds." *Id*. ¶ 17. As with his takings claim, Mr. Williams' illegal exaction claim requires the Court to scrutinize the actions of the SDNY—a step that the Court is unwilling to take. Finally, the Court dismisses Mr.

3

Williams' third claim for relief alleging "consequential damages" stemming from the alleged taking of his property. *Id*. ¶¶ 19–20. A claim for consequential damages is not a legally cognizable theory of relief, but rather a measure of damages. Bryan A. Garner, *Black's Law Dictionary* 11th ed. at 488 ("Losses that do not flow directly and immediately from an injurious act but that result indirectly from the act.").

## **CONCLUSION**

For the foregoing reasons, the Court **GRANTS** defendant's motion to dismiss, ECF No. 11, and **DISMISSES** the first amended complaint, ECF No. 8, without prejudice for lack of subject-matter jurisdiction under RCFC 12(b)(1). The clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ *Loren A. Smith*

Loren A. Smith,
Senior Judge